Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
*Attorneys for Plaintiff*
(516) 328-2300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

PROFESSIONAL FIGHTERS LEAGUE, LLC,

    Plaintiff,

  -against-

TAKEOVER INDUSTRIES, INC. a/k/a NXT LVL,

    Defendant.

------------------------------------------x

: Civil Action No.
:
:
: **AMENDED COMPLAINT**
:
:
:
:
:

Plaintiff, Professional Fighters League, LLC, by and through its attorneys, Abrams Fensterman, LLP, brings this Complaint against defendant Takeover Industries, Inc. a/k/a NXT LVL, hereby alleges:

**PARTIES**

1. Plaintiff Professional Fighters League, LLC ("PFL") is now, and at all times mentioned, was a limited liability company organized and existing under the laws of the State of New York, and having its principal office located at 320 West 37th Street, New York, New York 10018.

2. Upon information and belief, Defendant Takeover Industries, Inc. a/k/a NXT LVL ("NXT") is now, and at all times mentioned was a limited liability company with its principal place of business located at 401 Ryland Street, Suite 200-A, Reno, Nevada 89502. Additionally, NXT

lists a contact address in the notice provision of the relevant contract at 119 E. Union Street, Suite B, Pasadena, California, 91103.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §1332 insofar as the matter in controversy exceeds the sum of $75,000, and that the members of each of the respective parties are citizens of different states, and/or subjects of a foreign states.

4. In that regard, the sole member of Plaintiff is a C-Corp. whose shareholders reside all over the world. Upon information and belief, the shareholder(s) of Defendant reside in Nevada and/or California.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) whereas the vast majority of the acts relevant to the controversy at issue were carried out within the Southern District of New York.

6. At all relevant times, Defendant has engaged in purposeful acts in New York by soliciting business from, and submitting payments to Plaintiff whose principal place of business is located at 320 West 37th Street, New York, New York 10018.

7. Defendant's activities in and contacts with New York were purposefully sought and transacted to take advantage of the benefits available under New York Law. Indeed, the parties contracted to litigate any issue that arises under the agreement at issue in the courts of New York.

## FACTUAL BACKGROUND

8. On or about December 16, 2021, the parties executed a Sponsorship Agreement in which, *inter alia*, NXT contracted to pay PFL for the provision of promotional and sponsorship benefits on various PFL platforms.

9. Pursuant to the Agreement, the term of the relationship was to commence January 1, 2022, continued in effect through December 31, 2024, with an option for NXT to extend for an additional year.

10. In consideration for the sponsorships, NXT was to pay PFL varying payments in installments at the beginning of each quarter of the year for an aggregate amount of $2,152,000.00.

11. NXT made its first installment payment on January 1, 2022, in the amount of $108,500.00, and thereafter made only a partial payment towards its second installment payment in the amount of $100,000.00 out of the required $136,500.00.

12. Subsequently, NXT failed to make payment on any of the installments due and owed to PFL pursuant to the Agreement.

13. The PFL performed all of its obligations under the Agreement, but has not received the requisite compensation under the Agreement, notwithstanding due demand from PFL to NXT.

### FIRST COUNT
*(Breach of Contract)*

14. PFL repeats and reiterates each and every allegation contained in paragraphs "1" through "8" of this Complaint, as if more fully set forth at length hereat.

15. The Sponsorship Agreement is a valid contract by and among the PFL and NXT.

16. NXT breached its responsibilities and obligations as it relates to same, by failing to pay for services rendered by the PFL.

17. NXT's breaches have resulted in damages to the PFL totaling $1,353,250.00 plus a contractually obligated monthly late fee of 1.5% of the amount due and owing. Such late fee can be calculated from April 1, 2022, at which time NXT ceased making payments due and owing under the Agreement.

18. By reason of the foregoing actions, the PFL has suffered damages.

**WHEREFORE**, the PFL demands judgment against NXT, awarding:

a. Compensatory damages;

b. Pre and post judgment interest;

c. Court costs and fees; and

d. Costs and disbursements of this action, together with such other legal or equitable relief as this Court may deem just and proper.

Dated: March 15, 2024

ABRAMS FENSTERMAN, LLP

By: _____
Alex Leibson
3 Dakota Drive, Suite 300
Lake Success, New York 11042
aleibson@abramslaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all causes so triable.

ABRAMS FENSTERMAN, LLP

By: _____
Alex Leibson

Dated: March 15, 2024