UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROFESSIONAL FIGHTERS LEAGUE, INC.<br><br>     Plaintiffs,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INC. a/k/a NXT LVL,<br><br>     Defendants. | Case No. 1:24-cv-01335-VEC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)** |

**DEFENDANT TAKEOVER INDUSTRIES, INC.'s MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROECEDURE 12(B)(6)**

MORRIS LEGAL CORP.
Patrick Ryan Morris, Esq.
28 Laight Street, 2nd Floor
New York, NY 10013-2143
Telephone: (646) 692-4012
prm@patrickmorrislaw.com
*Attorney for Defendant*
Takeover Industries, Inc.

1

## **PRELIMINARY STATEMENT**

Defendant Takeover Industries, Inc. ("Defendant" or "TOI"), by and through its undersigned counsel, MORRIS LEGAL CORP., pursuant to Federal Rules of Civil Procedure 12(b)(6), respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff, Professional Fighters League, Inc.'s ("Plaintiff"), Second Amended Complaint (ECF Doc. #8, *Second Amended Complaint*, Exhibit A), and in support state as follows:

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In the present action, the Plaintiff states a claim for breach of contract and seeks damages that the Plaintiff is not entitled to according to the plain and unambiguous language of the parties' Agreement (ECF Doc. #16, at Exhibit A, at §13, hereinafter, the "Agreement").[1] Specifically:

1. the Plaintiff alleges a breach of contract in 2022 (ECF Doc. #8, ¶17);

2. the Plaintiff alleges that payments of $208,500 were received in 2022 (ECF Doc. #8, ¶12);

3. according to the Agreement, the Plaintiff's damages for a breach of contract are limited to "THE FEE ACTUALLY PAID BY SPONSOR TO PFL FOR THE YEAR OF THE TERM DURING WHICH THE CLAIM AROSE. (*See*, ECF Doc. #16, Ex. A at §13 "*Indemnification; Limitation of Liability*");

---

[1] The Sponsorship Agreement is referred to a number of times in the Complaint and is provided pursuant to Rule 12(b)(6) as integral to the allegations and in support of the Defendant's assertion that the complaint is not plausible on its face.

4. the Agreement is "governed by and construed in accordance with the internal substantive laws of the State of New York (*see*, ECF Doc. #16, Ex. A, at §16 *"Choice of Law"*); and,

5. the Agreement contains an integration clause which states that the "Agreement, including all Exhibits, sets forth the entire understanding" between the parties.

The terms of the valid and enforceable, fully integrated Agreement, foreclose any additional recovery for damages related to a breach of contract. Therefore, the Plaintiff's claim is without merit and has no basis in law or fact. As such, the Defendant prays that this Court will dismiss the Plaintiff's Second Amended Complaint.

## STATEMENT OF FACTS

On February 22, 2024, the Plaintiff filed its Complaint (ECF Doc. #1 *"Complaint"*), alleging a breach of contract. On March 15, 2024, the Plaintiff amended the Complaint (Doc. #5 *"Complaint"*). On March 19, 2024, the Plaintiff filed its second amended complaint (Doc. #6 *"Amended Complaint"*). On March 26, 2024, the Plaintiff filed its third amended complaint (Doc. #8 *"Second Amended Complaint"*).

The Second Amended Complaint, the subject of this Motion to Dismiss, contains a single cause of action seeking damages for "Breach of Contract" in the amount of $1,353,250 plus compensatory damages; pre and post judgment interest; court costs and fees; and costs and disbursements of this action, together with such other legal or equitable relief as this Court may deem just and proper. (ECF Doc. #8, ¶¶18 – 19).

## LEGAL STANDARD

**Motion to Dismiss - FRCP 12((b)(6)**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face,"

and provide "more than a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678. Rather, a complaint must make a "'showing,' rather than a blanket assertion, of entitlement to relief" supported by sufficient factual allegations. <u>Twombly</u>, 550 U.S. at 555 n.3.

## **ANAYLSIS**

No reasonable interpretation of the Agreement could lead to the conclusion that the Plaintiff has a viable claim for damages. The Agreement "represents the entire understanding of the parties to the transaction;" (ECF Doc #16, Exhibit A at §18) the Agreement "is governed by and construed in accordance with the internal substantive laws of the State of New York;" (ECF Doc. #16 at §16) and, the Agreement has an express Limitation of Liability (ECF Doc. #16, Ex. A at §13). As such, there is no basis in law or fact for the action which the Plaintiff has brought before this Court.

   i.   **Integration Clause – the Complete Understanding of the Parties**

The Agreement, which is the subject matter of the present action, and an integral part of the Second Amended Complaint, contains an integration clause. Therefore, the Agreement represents the entire understanding between the Plaintiff and the Defendant.

A written agreement is integrated when the document "represents the entire understanding of the parties to the transaction." <u>Morgan Stanley High Yield Sec., Inc. v. Seven Circle Gaming Corp.</u>, 269 F. Supp. 2d 206, 213 (S.D.N.Y. 2003). Under New York law, the Court can determine whether a document "appears complete on its face [and] is an integrated agreement as a matter of

4

law." Id. (citing Wayland Inv. Fund, LLC v. Millenium Seacarriers, Inc., 111 F. Supp. 2d 450, 454 (S.D.N.Y. 2000)). Where a contract contains an express merger or integration clause, the parties have expressed an intent that the written contract constitutes the entirety of the parties' agreement, and parol evidence is likely to be barred. (Fierro v. Gallucci, No. 06-CV-5189, 2008 WL 2039545, at *6 (E.D.N.Y. May 12, 2008) ("Where the operative agreement contains an express integration, or merger clause, the Second Circuit has found such agreements to be fully integrated.") (citing Starter Corp. v. Converse, Inc., 170 F.3d 286, 295 (2d Cir. 1999))).

Looking to the unambiguous language of the Agreement:

Section 18, "*Complete Agreement*," states:

> This Agreement, including all Exhibits, sets forth the entire understanding of SPONSOR and PFL with respect to the subject matter hereof and supersedes all prior and contemporaneous letters of intent, agreements, covenants, arrangements, communications, representations, or warranties, whether oral or written, by any officer, employee, or representative of either Party relating thereto. (ECF Doc. #16, Ex. A at §18).

The Agreement, presented as Exhibit B to this Motion is executed by authorized representatives of the parties. The executed Agreement contains both of the referenced Exhibits. The Agreement therefore represents the complete understanding of the parties.

### ii. Applicable Law – the Choice of Law Clause

Section 16 of the Agreement, "*Choice of Law*," states:

> This Agreement is governed by and construed in accordance with the internal substantive laws of the State of New York without regard to its conflicts of law rules. Any dispute under this Agreement shall be brought exclusively in the federal or state courts in the State of New York, and each Party consents to the jurisdiction and venue of such courts. (ECF Doc. #16, Ex. A at §16).

Pursuant to well settled New York law, where a written contract "**unambiguously contradicts the allegations supporting a litigant's cause of action for breach of contract, the contract itself constitutes documentary evidence warranting the dismissal of the complaint**

5

**pursuant to CPLR 3211(a) (1), regardless of any extrinsic evidence or self-serving allegations offered by the proponent of the claim.**" (150 Broadway N. Y. Assocs., L.P. v Bodner, 14 AD3d 1, 5 (1st Dept 2004) (emphasis added); see CPLR 321 l(a)(l).4 "[T]he interpretation of an unambiguous contract is a question of law for the court, and the **provisions of the contract delineating the rights of the parties prevail over the allegations set forth in the complaint**." Ark Bryant Park Corp. v Bryant Park Restoration Corp., 285 AD2d 143, 150 (1st Dept 2001) (emphasis added).

### iii. Limitation of Liability

The Second Amended Complaint clearly delineates the rights of the parties and expressly bars any additional recovery by the Plaintiff for an action sounding in "breach of contract, tort or otherwise…"

Section 13, "*Indemnification; Limitation of Liability*," of the Agreement (ECF Doc. #16, Ex. A, at §13) states:

> EACH PARTY'S MAXIMUM AGGREGATE LIABILITY UNDER OR IN RELATION TO THIS AGREEMENT, INCLUDING FOR **ANY BREACH OF CONTRACT, TORT OR OTHERWISE** AS WELL AS ANY LIABILITY FOR ANY NEGLIGENT ACT OR OMISSION HOWEVER ARISING IN RESPECT TO ANY ONE OR MORE OCCURENCES OR INCIDENTS DURING THE TERM **SHALL BE LIMITED TO THE AMOUNT OF THE FEE ACTUALLY PAID BY SPONSOR TO PFL FOR THE YEAR OF THE TERM DURING WHICH THE CLAIM AROSE. (emphasis added).**

Based on the unambiguous language of the Agreement, the Plaintiff's attempt to recover additional damages is expressly barred for "any breach of contract, tort or otherwise." The interpretation of an unambiguous contract is a question of law for the court, and the **provisions of the contract delineating the rights of the parties prevail over the allegations set forth in the complaint**." Ark Bryant Park Corp. v Bryant Park Restoration Corp., 285 AD2d 143, 150 (1st

Dept 2001). The Plaintiff has no basis in law or fact for the recovery that it is seeking in its Second Amended Complaint.

## CONCLUSION

The only cause of action within the Complaint is for breach of contract, the remedy for which is clearly enumerated in the Agreement. The Plaintiff's sole remedy for a breach of contract is retention of monies previously paid. Therefore, the Plaintiff's claim has no basis in law or fact and while the Rule permits the Plaintiff to amend its woefully deficient and futile complaint once again, the Defendant prays that this Court dismiss the present action and award reasonable costs and expenses to the Defendant.

Dated: May 13, 2024
       New York, New York

MORRIS LEGAL CORP.

By: _____
Patrick Ryan Morris
28 Laight Street, 2nd Floor
New York, NY 10013
+1 (917) 621-1110 Phone
prm@patrickmorrislaw.com

*Attorney for Defendant*